## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ) | CASE NO. 08-20571 (ASD) |
| TAMMY A. CLARK, ) | |
| fka TAMMY A. POTTER, ) | CHAPTER 7 |
| fka TAMMY A. JORDAAN, ) | |
| ) | |
| ___DEBTOR___ ) | |
| TELE-CONSULT ASSOCIATES, INC. ) | |
| and ) | |
| KATHERINE WAYLAND, ) | |
| ) | |
| PLAINTIFFS ) | |
| ) | |
| v. ) | ADV. PRO. NO. 08-2048 |
| ) | |
| TAMMY A. CLARK, ) | |
| fka TAMMY A. POTTER, ) | |
| fka TAMMY A. JORDAAN, ) | |
| ) | |
| ___DEFENDANT___ ) | RE: DOC. I.D. NO. 25 |

APPEARANCES:

Seth Jacoby, Esq.                                    Counsel for Plaintiffs
Law Offices of Seth Jacoby LLC,
2510 Main Street, Suite 1,
Glastonbury, CT 06033

John J. O'Neil, Jr., Esq.                            Counsel for Defendant - Debtor
Francis O'Neil Del Piano, LLC,
255 Main Street,
Hartford, CT 06106

**RULING ON MOTION TO DISMISS AS TO PLAINTIFF KATHERINE WAYLAND**

ALBERT S. DABROWSKI, Chief United States Bankruptcy Judge

## I.    INTRODUCTION

The Debtor's Motion to Dismiss as to Katherine Wayland (hereafter the "Debtor's

Motion"), Doc. I.D.No. 25, seeks dismissal of the captioned adversary proceeding as to

Katherine Wayland (hereafter "Wayland") on grounds that she lacks standing to pursue

it.  For the reasons set forth hereinafter, the Debtor's Motion shall be denied.

## II.    JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over

the instant adversary proceeding by virtue of 28 U.S.C. §1334(b); and this Court derives

its authority to hear and determine this proceeding on reference from the District Court

pursuant to 28 U.S.C. §§ 157(a), (b)(1) and the District Court's General Order of

Reference dated September 21, 1984. This is a "core proceeding" pursuant to 28 U.S.C.

§§ 157(b)(2)(I), (J).

## III.    BACKGROUND

Tammy A. Clark, *fka* Tammy A. Potter, *fka* Tammy A. Jordaan (hereafter the

"Debtor"), on April 1, 2008, filed a voluntary petition under Chapter 7 of the Bankruptcy

Code.  Tele-Consult Associates, Inc. (hereafter, "TCA") and Wayland (together, the

"Plaintiffs"), on September 8, 2008, commenced the captioned four-count adversary

proceeding against the Debtor.  The First Count objects to entry of the Debtor's discharge

pursuant to Bankruptcy Code Section 727(a)(4) (false oath). The Second and Third Counts

seek to have certain debts held nondischargeable under Section 523(a)(4) as debts arising

from defalcation as a fiduciary or embezzlement, respectively.  The Fourth Count claims

2

that such debts are nondischargeable debts for willful and malicious injury pursuant to Section 523(a)(6).

The Debtor and Wayland were, at all relevant times, each 50% shareholders of TCA, a Connecticut corporation they formed in 1996 to provide telecommunication services to businesses. Until June 1, 2006, the Debtor was an officer and director of TCA. Wayland was and remains President of TCA and a director thereof.

On or about June 1, 2006, the Debtor's employment with TCA was terminated. Shortly thereafter, as a result of her termination, the Debtor commenced an action in the Connecticut Superior Court (hereafter the "State Court") against TCA and Wayland. Wayland and TCA "counterclaimed in that lawsuit against the [Debtor] alleging, *inter alia*, breach of fiduciary duty, usurpation of corporate opportunity, conversion and statutory theft, Connecticut unfair trade practices and fraud and deceit." (Complaint ¶ 12.) The State Court, on December 14, 2007, dismissed the Debtor's complaint and, as a sanction for violation of discovery orders, entered a default against the Debtor on the counterclaim.

The particular allegations relevant to each count of the Complaint are set forth, *infra*, in the discussion thereof.

## IV.   DISCUSSION

The Debtor contends Wayland is not personally aggrieved and thus lacks standing to bring the captioned adversary proceeding. The Debtor asks the Court to dismiss Wayland as a plaintiff, pursuant to Fed. R. Civ. P. 12(b)(1), made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7012.

## A.   Wayland Lacks Standing in her Individual Capacity

> [One of] the prudential requirements of the standing doctrine . . . is the
> requirement that the plaintiff generally must assert his own legal rights and
> interests, and cannot rest his claim to relief on the legal rights and interests
> of third parties. Related to this principle . . . is the so-called shareholder
> standing rule. . . . [T]he rule is a longstanding equitable restriction that
> generally prohibits shareholders from initiating actions to enforce the rights
> of the corporation. . . .

Franchise Tax Bd. of California v. Alcan Aluminum Ltd., 493 U.S. 331, 336, 110 S.Ct. 661,

107 L.Ed.2d 696 (1990) (citations and internal quotation marks omitted); See also Jones

v. Niagara Frontier Transp. Auth., 836 F.2d 731, 736 (2d Cir. 1987), cert. denied, 488 U.S.

825 (1988) ("It is considered a fundamental rule that a shareholder - even the sole

shareholder - does not have standing to assert claims alleging wrongs to the

corporation."); Smith Setzer & Sons, Inc. v. South Carolina Procurement Review Panel,

20 F.3d 1311, 1317 (4th Cir. 1994) (shareholder lacks standing as to wrongs or injuries

to the corporation which result in depreciation of a shareholder's stock).

The Complaint alleges direct harms only to TCA. The Second Count of the

Complaint alleges that the Debtor breached her fiduciary duties as a director of TCA. The

Debtor owed a fiduciary duty to TCA, not to Wayland personally. See Smith v. Snyder,

267 Conn. 456, 839 A.2d 589 (2004) (shareholder lacked standing to bring action in his

individual capacity for director's breach of fiduciary duty); See, also In re Adelphia

Communications Corp., 323 B.R. 345, 386 (Bankr. S.D.N.Y. 2005) (quoting Prod. Res.

Group, L.L.C. v. NCT Group, Inc., 863 A.2d 772, 791 (Del.Ch. 2004)) (breaches of

director's fiduciary duties that lead to loss of corporate assets are harms to corporation

itself; shareholder's claims are derivative and any recovery flows to corporation and only

4

indirectly benefits shareholders). The Third Count alleges that the Debtor "intentionally misappropriated, took, stole, diverted and/or used *corporate funds of TCA* for her own benefit." (Complaint ¶ 20 (emphasis added.)) The Fourth Count repeats the allegations of the Second and Third Counts, none of which asserts a direct harm to Wayland independent of the harm to TCA. Accordingly, Wayland, in her individual capacity, lacks standing to pursue the nondischargeability claims asserted in the Complaint.

The First Count seeks denial of the Debtor's discharge under Bankruptcy Code §727(a)(4). Section 727(c)(1) provides that "the trustee, a creditor, or the United States trustee may object to the granting of a discharge under subsection (a) of this section." Because Wayland alleges no grounds for a claim against the Debtor independent of the claims of TCA, she is not a creditor of the Debtor and thus, in her individual capacity, lacks standing to object to the Debtor's discharge.

## B.   *Wayland May Have Standing in a Derivative Capacity*

Conn. Gen. Stat. §33-720, *et seq.*, permits a shareholder, under certain conditions, to pursue an action on behalf of the corporation where the corporation is unable or unwilling to do so in its own name. One of the preconditions for bringing a shareholder derivative action is that the shareholder seeking to do so first make a written demand upon the corporation to pursue such action in its own name and that the corporation either reject or fail to act upon such demand. Conn. Gen. Stat. §33-722; see also Fed. R. Civ. P. 23.1. The Debtor asserts that Wayland, having failed to make such demand, may not bring a shareholder derivative suit. Wayland acknowledges the statutory requirement, but notes that Connecticut, as elsewhere, recognizes a judicially created exception to the demand

5

requirement in instances where the circumstances involved would make presentation of such a demand an exercise in futility. See, e.g. Giulietti v. Giulietti, 65 Conn.App. 813, 873 (2001) (stating that, in such circumstances, "the law does not require the performance of a useless act.").

While Wayland clearly lacks standing to bring the captioned adversary proceeding in her individual capacity, a determination of whether TCA is authorized to bring such action in its own name or whether Wayland is properly pursuing it as a shareholder derivative action presents a fact-sensitive question best resolved at trial since whether the demand requirements of Conn. Gen. Stat. §33-722 would have been futile depends upon the Court's assessment of the particular circumstances.[1]

## V.   CONCLUSION

Wayland, in her individual capacity, lacks standing to pursue the claims asserted in the Complaint. However, the possibility exists that Wayland may be able to support her claim of standing to pursue the captioned adversary proceeding as a shareholder derivative action. Accordingly,

**IT IS HEREBY ORDERED** that the Debtor's Motion is **DENIED**.

Dated: October 16, 2009                    BY THE COURT

Albert S. Dabrowski
Chief United States Bankruptcy Judge

---

[1] At the time of trial, the Court may also consider whether the Complaint itself (including any amendments thereto made prior to trial) satisfies the pleading requirements for a shareholder derivative action set forth in Fed. R. Civ. P. 23.1, made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7023.1.